## MARSHALL WHITHED *vs.* SIMEON MALLORY, JR., & another.

A widow is not entitled to dower in lands, conveyed away by her husband before marriage, although such conveyance was fraudulent and void as against his creditors.

The owner of land before his marriage made a conveyance thereof which was fraudulent and void as against creditors : The grantee conveyed the same to a third person for the consideration of love and affection, after which the grantor married : A creditor of the grantor subsequently levied his execution on the land so conveyed, and the appraisers made a deduction from the value thereof, on ac count of the possible right of dower therein of the wife of the judgment debtor : In a writ of entry by the creditor against the second grantee to recover the land levied on, it was held, that the wife had no right of dower therein, and that the tenant might avoid the levy, on the ground, that by reason of such deduction a greater amount of land had been taken on the execution than the demandant had a right to take.

THIS was a writ of entry brought in this court to recover a part of a parcel of land in Northfield. Simeon Mallory, one of the tenants, pleaded the general issue, with a specification of non-tenure, and that he claimed only as the servant of Obadiah Mallory, the other tenant, who also pleaded the general issue. The case was tried before *Dewey*, J., by whom it was reported, in substance, as follows, for the consideration of the whole court : —

It appeared, that the tenant, Simeon Mallory, by a deed dated March 9th, and recorded April 6th, 1816, conveyed the demanded premises to one Moses Mallory, by whom, on the 13th of August, 1819, the same were conveyed to Obadiah Mallory, the other tenant, who was the son of Simeon, and then an infant, for the consideration of love and affection.

The demandant offered evidence to show that the deed from Simeon Mallory to Moses was fraudulent as to the creditors of the grantor. It was also in evidence, that before and at the time of the execution of this deed, the grantor was unmarried, and remained so until his marriage in June, 1818; and that he continued in the occupation of the prem ises after the date of the deed to Moses, and after the time of his marriage, and occupied the estate in the same manner as he had done before.

It was further proved, on the part of the demandant, that at a term of the court of common pleas in the county of Franklin, for the year 1848, he recovered a judgment against Simeon Mallory, and caused an execution issued thereon to be levied on the demanded premises, by an appraisal and setting off of the same to him.

It appeared, by the return on the execution, that the appraisers deducted from the value of the land levied upon the sum of forty dollars, for the possible right of dower in the wife of the judgment debtor.

The demandant claimed the premises in question in virtue of the levy. The tenants contended that the levy was void as against them, on the ground that no possible right of dower existed in the wife of Simeon Mallory.

The judge ruled, that this defence was not one which could avail Obadiah Mallory, if the jury should find that the title of his grantor, Moses Mallory, was under a deed which was fraudulent and void as against creditors; and that it was not open to Simeon Mallory, as he made no claim of title in himself, but wholly disclaimed the same, and set up no other ground of defence than the title of Obadiah, derived through the deed to Moses Mallory.

The jury returned a verdict for the demandant.

*D. Aiken* and *W. Griswold*, for the tenant.

*C. Devens*, Jr., for the demandant, referred to *Hughes* v. *Shaw*, Mart. & Yerg. 323; *Baker* v. *Chase*, 6 Hill, 482; *Buck* v. *Hardy*, 6 Greenl. 162.

SHAW, C. J. The tenants objected to the validity of the levy, on which the demandant claims to recover the premises in question, on account of the deduction made by the appraisers of the value of the supposed right of dower in the wife of Simeon Mallory. If no such right existed, this deduction is wrong; and, as too much estate was set off, and it could not be apportioned, the levy was irregular and void. *Root* v. *Colton*, 1 Met. 345. Upon the facts, we think no such right did exist, or could ever be claimed by the wife of Simeon Mallory, because he was never seized during the coverture. Before his marriage, he had aliened the estate, by a conveyance good against him and his heirs. *Blood* v. *Blood*, 23 Pick. 80. But it was contended, and so the judge directed the jury, that this was an objection that the defendant, Obadiah Mallory, could not make, if the jury should find the title of Moses Mallory to be under a fraudulent deed from Simeon, given only to defraud creditors.

But it is to be considered, that a voluntary conveyance, made to defeat creditors, is not absolutely void, but only voidable; it is good as against the grantor and his heirs. It can only be avoided by creditors, and by them only to an extent sufficient to satisfy their debts. The surplus, if any, remains good to the grantee. If, therefore, a larger amount is taken on execution than the creditor has a right to take, it is a direct injury to the holder; and if this is done in such a mode, that the good and the bad cannot be separated, and the whole is irregular and void, the court are of opinion, that this may be shown by him who holds the land under a voluntary conveyance, not good as against creditors. To test this, suppose there is a voluntary conveyance, which is fraudulent, and admitted to be fraudulent against creditors, of the value of $1000; a creditor obtains judgment for $300, and levies. Various charges and incumbrances on the estate are suggested to the amount of $500, so that the

debtor's interest is appraised at $500, and three fifths of the estate is set off to satisfy the execution. These imaginary incumbrances, on investigation, are proved to be groundless. If the holder under the voluntary conveyance cannot be permitted to show this, he is deprived of an estate which he has a legal right to hold, without remedy.

Obadiah Mallory, though he took under a deed made by Moses, in consideration of love and affection, and Moses took of Simeon by a conveyance, which was fraudulent as against creditors, yet he had a good title against every body, except creditors, and they can only defeat his title to the extent of their legal claims. The demandant having taken too much, we think it was competent for Obadiah to show this in his defence.

*Verdict set aside, and new trial ordered.*